UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21321-UU

CARIDAD DANIELS and
LAZARO TABARES, for themselves
others similarly situated,

    Plaintiffs,

v.

SANCHELIMA & ASSOCIATES, P.A.,
and JESUS SANCHELIMA,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendant' Motion to Amend Its Pleadings. D.E. 40.

THE COURT, has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised of the premises.

On April 7, 2015, Plaintiffs filed this action against their former employer to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). D.E. 1. On May 27, 2015, the Court entered a Scheduling Order requiring amended pleadings to be filed by June 26, 2015. D.E. 13. Defendants, a law firm and an individual, claim that on August 21st and 24th, 2015, Plaintiffs, in response to Defendants' First Set of Requests for Production of Documents, produced documents that Plaintiffs misappropriated from Defendants, and which Plaintiffs intend to rely upon in proving their FLSA claim. D.E. 40 at 1-2. The documents, Defendants assert, contain sensitive data of its associates and clients. D.E. 40 at

1

1-2. Specifically, Defendants state the documents include "bank account numbers, social security numbers, financial information, and identity of associates . . ." (*id*.), as well as information regarding trademark and patent applications. D.E. 40-1, ¶ 14. As such, and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), Defendant seeks leave to file state law counterclaims against each Plaintiff, respectively, for breach of contract, breach of fiduciary duty, and violation of Florida's "Uniform Trade Secrets Act," chapter 688, Florida Statutes. *Id*. In response, Plaintiffs argue that Defendants' counterclaims are not compulsory under Fed. R. Civ. P. 13, and otherwise lack an independent basis for subject matter jurisdiction under 28 U.S.C. § 1367. D.E. 42 at 2.

The Motion is untimely. On May 27, 2015, this Court entered its Scheduling Order For Pretrial Conference And Trial (D.E. 13) setting a deadline of June 26, 2015 for amending pleadings. The Motion was not filed until September 23, 2015, nearly a month after the alleged misconduct came to light and nearly three months after the deadline. These facts demonstrate that Defendants have failed to act with diligence.

Nonetheless, the Court considers whether it would have jurisdiction over the proposed counterclaims. The Court's jurisdiction over Defendants' counterclaims turns on whether the counterclaims are compulsory or permissive. *Jean-Louis v. Am. Eagle Transp. Corp.*, 2007 WL 879580, at *1 (S.D. Fla. Mar. 20, 2007) (citing *East-Bibb Twiggs Neighborhood Association v. Macon Bibb Planning & Zoning Comm.,* 888 F.2d 1576, 1578 (11th Cir.1989)). Compulsory counterclaims do not require an independent basis for subject matter jurisdiction and can be heard through the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). *Vega v. Virtual Imaging Servs., Inc.*, 2014 WL 2123564, at *1 (S.D. Fla. May 21, 2014) (citing *Plant v. Blazer*

*Fin. Servs., Inc. of Georgia,* 598 F.2d 1357, 1359 (5th Cir.1979));[1] *Zambrano v. Chic Marine of Lauderdale, Inc.*, 2001 WL 36178001, at *2 (S.D. Fla. June 6, 2001).

Federal Rule of Civil Procedure 13(a) states a claim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The Eleventh Circuit has adopted the "logical relationship" test in determining whether a state law claim is compulsory. *See Republic Health Corp. v. Lifemark Hosps., Inc.,* 755 F.2d 1453, 1455 (11th Cir.1985); *see also United States v. Aronson,* 617 F.2d 119, 120 (5th Cir.1980). Under this test, there is a "logical relationship" when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.,* 755 F.2d at 1455.

The Court finds that Defendants' counterclaims for breach of contract, breach of fiduciary duty, and violation of Florida Uniform Trade Secrets Act do not satisfy the logical relationship test. The operative facts under Plaintiffs' FLSA claim are the number of hours Plaintiffs worked, the duties performed, and the amount of pay Plaintiffs received, *Zambrano v. Chic Marine of Lauderdale, Inc.*, 2001 WL 36178001, at *2 (S.D. Fla. June 6, 2001), none of which are based on the operative facts of Defendants' counterclaims. The elements of proof under Defendants' trade secret claims are whether the confidential documents qualify as trade secrets, and whether Plaintiffs knowingly misappropriated such secrets despite Defendants' reasonable steps to protect their secrecy. *Medimport S.R.L. v. Cabreja*, 929 F. Supp. 2d 1302, 1322 (S.D. Fla. 2013). Also dissimilar, the proof for the breach of contract claims requires Defendants to establish the existence of the agreements and Plaintiffs' breach of its operative terms. Likewise, the evidence for the breach of fiduciary duty claims requires Defendant to

---

[1] The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

establish an employment relationship and Plaintiffs' breach of either express or implied duties owed to Defendants. *See Miller v. Miller*, 89 So.3d 962 (Fla. 5th DCA 2012). It is apparent that the only factual connection between Defendants' counterclaims and Plaintiffs' FLSA claims is the existence of a prior employment relationship, which courts have held as "too attenuated" to satisfy the logical relationship test. *Perez v. S. Florida Landscape Maint., Inc.*, 2014 WL 293774, at *1 (S.D. Fla. Jan. 23, 2014) (quoting *Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995)); *Zambrano*, 2001 WL 36178001, at *2 (holding defendant's trade secret claims alleging plaintiff misappropriated customer data and proprietary information under Fla. Stat. § 688.02 did not satisfy logical relationship test with respect to plaintiff's FLSA claim); *see also Vallesillo v. Remaca Truck Repairs, Inc.,* 2009 WL 4807397 (S.D.Fla. Dec. 3, 2009) (declining jurisdiction over a counterclaim for breach of contract for unpaid rent); *Nelson v. CK Nelson, Inc.,* 2008 WL 2323892 (S.D. Fla. June 2, 2008) (declining jurisdiction over a counterclaim arising from loan and rent agreements). Additionally, and not insignificant, to the extent Defendants claim that the documents Plaintiffs misappropriated will serve as proof for both the FLSA and trade secret claims, Plaintiffs' claim for unpaid overtime wages could be prejudiced if a jury were to hear evidence for Defendants' trade secrets claims. *See Zambrano*, 2001 WL 36178001, at *2.

Because Defendants' counterclaims are permissive, they must have an independent basis for subject matter jurisdiction. *See Plant v. Blazer Fin'l Servs., Inc.,* 598 F.2d 1357, 1359 (5th Cir.1979); *Vega v. Virtual Imaging Servs., Inc.*, 2014 WL 2123564, at *1 (S.D. Fla. May 21, 2014) (citing *Plant*, 598 F.2d at 1359)).  The counterclaims arise wholly under state law and do not state a federal question; and, the Court's *sua sponte* review of the record does not demonstrate a basis for federal diversity jurisdiction under 28 U.S.C. § 1332. Accordingly it is

ORDERED AND ADJUDGED that the Motion, D.E. 40, is DENIED.

4

DONE AND ORDERED in Chambers, Miami, Florida, this _2d day of November, 2015.

/s/ Ursula Ungaro
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record