UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21321-UU

CARIDAD DANIELS and
LAZARO TABARES, for themselves
others similarly situated,

      Plaintiffs,

v.

SANCHELIMA & ASSOCIATES, P.A.,
and JESUS SANCHELIMA,

      Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court upon Defendants Sachelima & Associates, P.A., and Jesus Sanchelima's ("Sanchelima") Motion for Summary Judgment. (D.E. 77). Plaintiffs filed their Response on December 10, 2015. Defendants filed their on Reply on December 17, 2015. Accordingly, the Motion is ripe for disposition.

THE COURT, has reviewed the Motion, the pertinent portions of the record, and is otherwise fully advised of the premises. For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

    **I.**    **Background**

On April 7, 2015, Plaintiffs filed this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, complaining that during the course of their employment Defendants routinely forced them to work "off the clock," and as a result, they worked overtime hours for which they were not

1

compensated. Compl. ¶¶ 13-16.[1] Defendants, Plaintiffs allege, routinely took steps to cover their FLSA violations and falsified time records before transmitting them to their payroll company. *Id*.

Defendants have moved for summary judgment on the following grounds: (1) Plaintiffs are barred from bringing an action for averaging of the workweeks because it was not specifically pleaded; (2) Plaintiffs are not entitled to both liquidated damages and prejudgment interest; (3) Plaintiffs are not entitled to unpaid accrued vacation wages; (4) Plaintiffs' request for opening time compensation is barred by the Portal to Portal Act, 29 U.S.C. § 254(a); (5) Plaintiffs are barred from claiming time spent working post-shift; (6) Plaintiffs' claim for time spent responding to texts and emails is barred by the *de minimis* doctrine; (7) Defendants neither knew nor should they have been aware of Plaintiffs' overtime work; (8) and, Plaintiffs are unable to prove that they worked overtime for which they were not paid.

The parties disagree on most facts in this case. The relevant undisputed facts are recited below:

Defendants employed Daniels as a legal assistant from January 2006 until Daniels resigned in November 2013. (Aff. Daniels ¶ 2); (Dep. Caridad Daniels, Aug. 17, 2015, 9-10) ("Daniels Dep."). Defendants employed Tabares as a bookkeeper from September 2008 (Aff. Tabares ¶ 2) until Tabares resigned in January 2015. (Dep. Jesus Sachelima Aug. 14, 2015) ("Sanchelima Dep."). Daniels' and Tabares' overtime claims are based, in part, on uncompensated overtime work: (1) during lunch, (2) for opening and closing Defendants' building; (3) and, for pre and post-shift activities. (Daniels Dep. at 43; Lazaro Tabares Dep. Oct. 29, 2015 at 35-37) ("Tabares Dep.") Defendants tracked Plaintiffs' hours by a time clock, from which Plaintiffs punched in and out daily. (Sanchelima Dep. 36:6-13). Plaintiffs recorded all of their own hours, and corrected any errors on their time cards. *Id*. at 60; Tabares Dep. 22-23, 287-88). Tabares tabulated all the hours bi-weekly for

---

[1] All references to "Complaint" in this Order shall mean the Amended Complaint. D.E. 17.

each employee onto a worksheet, which he then turned over to Sanchelima, who reviewed and approved the time records transmitted to the payroll company. (Dep. Sanchelima 40:8, 42:17-43:6). Defendants have a policy of prior approval for overtime. (Dep. of Sanchelima 45-46; 51). Plaintiffs did not keep a record of their overtime in support of their claims. (Tabares Dep. 357-58). Daniels seeks $35,370 in uncompensated overtime from April 2012 through November 2013. (*See* Statement of Claim, D.E. 37-1). Tabares seeks $76,679.57 in uncompensated overtime from April 2012 through December 2014. (*See id*.)

### II.     Legal Standard

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. When determining whether the moving party has met this burden, the court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 157 (1970); *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002). The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec*.

*Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

### III. Discussion[2]

#### A. Pleading Sufficiency Regarding Averaging Workweeks

The Court addressed this issue in its Order on Defendant's Omnibus Motion in Limine, resolving it in favor of Plaintiffs.

#### B. Liquidated Damages

Plaintiffs have pleaded a claim for both liquidated damages and prejudgment interest. Compl. at 4. Defendants correctly note that Plaintiffs are not entitled to both forms of relief. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("Plaintiffs may not recover both liquidated damages and prejudgment interest under the FLSA."). It is the Court's discretion, however, to impose

---

[2] Plaintiffs have withdrawn their claims for declaratory and injunctive relief; they are also not seeking claims for damages related to "stress."

liquidated damages under 29 U.S.C. § 260, which turns on a finding of whether the employer establishes that it "had reasonable grounds for believing that his act or omission was not a violation." *Id.* Defendants assert, without citing any authority, that Plaintiffs' seeking dual recovery forecloses any entitlement to liquidated damages. The Court rejects this argument. If a jury finds Plaintiffs are entitled to compensatory damages and the Court rejects Defendants' good faith defense, then the Plaintiffs have stated they will not seek prejudgment interest. D.E. 89 at 3-4.

### C. Compensation for Vacation Pay

Plaintiffs seek compensation for unused accrued vacation time, which they contend is unpaid wages. D.E. 89 at 3. Defendants argue that unused vacation pay is not compensable under the FLSA.

The FLSA requires employers to pay their non-exempt employees overtime for hours worked in excess of forty hours in a workweek at a rate that is at least one-and-a-half times the employee's "regular rate."[3] 29 U.S.C. § 207(a)(1). The "regular rate" must account for "all remuneration for employment paid to, or on behalf of, the employee," with eight exceptions. 29 U.S.C. § 207(e).[4] The interpretive bulletins issued by the Department of Labor exclude vacation leave from the regular rate. *Balestrieri v. Menlo Park Fire Prot. Dist.*, 800 F.3d 1094, 1102 (9th Cir. 2015); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1308 (10th Cir. 2011). The operative bulletin reads:

> (a) *Sums payable whether employee works or not*.... Suppose an employee who is entitled to . . . paid vacation foregoes his . . . vacation and performs work for the employer on . . . or during the vacation period. If, under the terms of his employment, he is entitled to a certain sum vacation pay, whether he works or not, and receives pay at his customary rate . . . in addition for each hour that he works on the . . . vacation day, the certain sum allocable to . . . vacation pay is

---

[3] Regular rate is the term used by the FLSA. It is synonymous with hourly rate or daily rate when computed for an entire work day. *Sandel v. Fairfield Indus. Inc*, No. 4:13-CV-1596, 2015 WL 7709583, at *5 (S.D. Tex. June 25, 2015).

[4] § 207(e)(2) states: "As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include—
payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment[.]"

> still to be excluded from the regular rate. It is still not regarded as compensation for hours of work if he is otherwise compensated at his customary rate . . .for his work on such days. Since it is not compensation for work it may not be credited toward overtime compensation due under the Act.

28 C.F.R. § 778.219.[5]

Plaintiffs' affidavits indicate that under Defendants' written policy they were entitled to two weeks' vacation pay, which during the course of their employment, they did not use. (Aff. Daniels ¶ 21; Aff. Tabares ¶ 19). However, vacation pay is "not regarded as compensation for hours of work" if the employee foregoes the vacation time to work and is otherwise paid his or her customary rate. 28 C.F.R. § 778.219. Plaintiffs have presented no evidence that they were not paid their customary rate on the days they elected to work instead of using the vacation time, or that the unused vacation time was compensation for hours worked.[6] Therefore, there is no material factual dispute in the record and Defendants are entitled to summary judgment on this issue.

### D. De Minimis Work

#### a. Pre-Shift Activities

Defendants argue that Plaintiffs' claim for time spent completing various "opening" procedures is barred by the Portal-to-Portal Act, and alternatively, is *de minimis*. The parties agree that activities such as entering the parking lot and exiting the vehicle are not compensable under the FLSA. D.E. 89 at 3. Plaintiffs have testified, however, that Defendants prevented them from recording the time spent after they had entered the building and were required to turn on lights and air conditioners, prepare coffee, and "perform various other tasks." (Aff. Daniels ¶¶ 7, 10; Dep. Daniels at 45-52).

---

[5] 28 C.F.R. § 778.219 is not, in fact, a binding "regulation," but a Department of Labor interpretive bulletin, which is entitled to deference by courts. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 n.5 (11th Cir. 2008); *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1308 (10th Cir. 2011).
[6] Defendants' vacation policy also indicates that vacation time was a vested benefit rather than remuneration for hours worked. *See* D.E. 101-1 at 21-23.

The Portal–to–Portal Act exempts employers from liability under the FLSA for activities "which are preliminary or postliminary" to an employee's "principal" activities. *Integrity Staffing Sols., Inc. v. Busk*, 135 S. Ct. 513, 517, 190 L. Ed. 2d 410 (2014). The term "principal activity or activities" embraces all activities which are an integral and indispensable part of the principal activities." *Id*. (internal citation and quotation omitted). "An activity . . . is integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." The Eleventh Circuit has held that to be compensable, a plaintiff must show the preliminary activities (1) were required by the employer, (2) necessary for the employee to perform his or her duties, and (3) primarily benefitted the employer. *Burton v. Hillsborough Cnty., Fla.,* 181 Fed.Appx. 829, 836–37 (11th Cir. 2006).

Daniels' and Tabares' principal activities as a legal assistant and bookkeeper, respectively, cannot be performed without lighting and thus that activity is not preliminary; therefore it is subject to the FLSA. However, preparing coffee is not an indispensable element for performing their principal activities, and whether turning on the air conditioner is a compensable task is not necessary for the Court to decide at this stage because a genuine issue of fact remains whether the *de minimis* rule applies.

The *de minimis* rule states that "[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded." *Brantley v. Ferrell Elec., Inc*., No. CV 114-022, 2015 WL 3541552, at *19-20 (S.D. Ga. May 29, 2015) (quoting *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 692, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), *superseded by statute on other grounds*, *see* 29 U.S.C. § 251(a). "When applying the *de minimis* rule to otherwise compensable time, the following considerations are appropriate: (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Burton,* 181 Fed.Appx. at 838 (quoting *Lindow v.*

*United States,* 738 F.2d 1057, 1063 (9th Cir.1984) (internal quotation marks omitted)). The proper focus, however, is on the aggregate amount of uncompensated time for an employee *per day*, not the length of time for which pay is sought. *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1319 (N.D. Ala. 2008) (emphasis in original); *Lindow*, 738 F.2d at 1063 ("An important factor in determining whether a claim is *de minimis* is the amount of *daily time* spent on the additional work."). Courts have found as a matter of law a general threshold for *de minimis* as ten minutes or less, even if the work is otherwise compensable. *Davis v. Charoen Pokphand (USA)*, 302 F. Supp. 2d 1314, 1323 (M.D. Ala. 2004) (citing *Lindow v. U.S.*, 738 F.2d. 1057, 1062 (9th Cir. 1984) (collecting cases).

Defendants have presented evidence from Sanchelima and a current administrative employee that the opening procedures do not exceed three minutes. (Aff. Sanchelima ¶ 5; Aff. Estevez ¶¶ 5-6). Tabares has testified, however, that the opening tasks take fifteen minutes. (Lazaro Tabares Dep. Oct. 29, 2015 at 84-85 ("Lazaro Dep. II). It is unclear from Tabares' testimony how much time is allocated to each morning task and thus an issue of fact remains which precludes summary ruling on the issue. *Davis v. Charoen Pokphand (USA)*, 302 F. Supp. 2d 1314, 1323 (M.D. Ala. 2004) (finding summary judgment unwarranted where plaintiff spent ten minutes on pre-shift activities daily and presented testimony regarding the same).

### b. Responding to Communications from Defendants After Hours

Plaintiffs claim uncompensated overtime for responding to emails, texts, and telephone calls after the conclusion of their shifts. Tabares testified that, on average, he responded to one email per week, (Dep. Tabares 103:20-25), and that in April 2012 he emailed Defendants requesting that he not be contacted after hours, but Defendants continued to do so. (Tabares Dep. 248:19-25; 252-53). Defendants contend the communications fall within the *de minimis* doctrine.

Viewing the record in the light most favorable to Plaintiffs, Defendants have not provided sufficient evidence of the absence of a material fact to shift the burden to Plaintiffs. Sanchelima simply attested that he reviewed the emails and texts Plaintiffs produced in discovery and they are *de*

*minimis*. (*See* Aff. Sanchelima ¶ 8). This is not enough. Tabares insisted in his testimony that he consistently responded to after hours texts and emails throughout his employment. (*Id*.) There is no evidence of the texts or emails themselves in the record, or the time Plaintiffs spent completing tasks Defendants requested in the communications. Therefore, summary judgment is denied.

### E. Work Post-Closing

Plaintiffs' claims for overtime include time spent working after normal business hours. Defendants sole argument is that Plaintiffs' claims for time spent working post-closing are factually impossible. Specifically, Defendants assert that any person in Defendants' building at the time Plaintiffs contend they were working would trigger a security alarm, and no such record exists with Defendants' security company. (Aff. Sanchelemia ¶ 2). Plaintiffs' argue otherwise, attesting entry into the building was possible without triggering the alarm and that they did in fact work after hours. (Aff. Daniels ¶¶ 12-14; Aff. Tabares ¶¶ 9-13). Thus, there is a clear issue of material fact for this issue that precludes summary judgment.

### F. Defendants Knowledge that Plaintiffs Were Working Overtime

Defendants argue that Plaintiffs have not presented evidence demonstrating a question of fact with respect to the Defendants' knowledge that Plaintiffs were working overtime.

To establish a FLSA violation, Plaintiffs must prove that (1) they worked overtime; (2) and that Defendants knew or should have known of the overtime work. *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007).

Defendants present as evidence an affidavit from Sanchelima that he had no knowledge of overtime and that no such overtime appeared on Plaintiffs' time cards. Aff. Sanchelima ¶ 4. Defendants additionally argue that all employees tabulate their own time and that there was a company policy for prior approval of overtime. Aff. Sanchelima ¶¶ 3, 4, 6.

With respect to Defendants' overtime policy, "[t]he fact that [an employer] ha[s] a policy that all overtime must be approved does not shield [it] from liability under the FLSA." *Reyna v. ConAgra*

9

*Foods, Inc.*, No. 2006 WL 3667231, at *5 (M.D. Ga. Dec. 11, 2006) (citing *Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1083 (11th Cir. 1994). Further, Plaintiffs submitted rebuttal affidavits that Defendants demanded and expected that Plaintiffs work off the clock, and that Sanchelima frequently stayed in the office with them after hours. (Aff. Daniels ¶¶ 4, 7, 9; Aff. Tabares ¶¶ 7-10). Moreover, it is undisputed, Plaintiffs note, that Sanchelima controls the firm and thus it can be reasonably inferred that Sanchelima knew of such overtime. (Dep. Sanchelima, 19:17-20, 20:3-5; 22:1-16).  Lastly, Plaintiffs have attested that Sanchelima intentionally altered time records to avoid paying Plaintiffs' overtime. (*Id*. ¶ 6; *id*. ¶ 6.)

"To the extent that evidence conflicts at summary judgment, the district court has an obligation to view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (internal citation and quotation omitted). Thus, there is a clear issue of material fact and summary ruling on this issue is inappropriate.

### G.  Plaintiffs Cannot Prove Overtime Worked For Which They Were Not Paid

Defendants argue that Plaintiffs have not presented sufficient evidence from which a jury could conclude by a preponderance of evidence that Defendants failed to compensate them for overtime worked.

"The remedial nature of [the FLSA] and the great public policy which it embodies . . . militate against making [the prima facie] burden an impossible hurdle for the employee." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686, 66 S. Ct. 1187, 1192, 90 L. Ed. 1515 (1946). "It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment," and it is the employer "who is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing *Anderson,* 328 U.S. at 687, 66 S.Ct. 1187)). "For that reason, in situations where the employer has failed to keep records or *the records cannot be*

*trusted*, the employee satisfies [his] burden of proving that [he] performed work without compensation if [he] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Jackson v. Corr. Corp. of Am.,* 606 Fed.Appx. 945, 952 (11th Cir.2015) (per curiam) (citing *Allen,* 495 F.3d at 1316) (internal quotation marks omitted) (emphasis added); *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299, 1315 (11th Cir.2013) (noting that if the employer failed to keep time records, the burden on the employee to show that she worked overtime without compensation is "relaxed"). Accordingly, "[t]he employee's burden is not great and the Eleventh Circuit has found an employee can successfully shift the burden of proof by presenting his own testimony indicating the employer's time records cannot be trusted and that he worked the claimed overtime." *Centeno v. I & C Earthmovers Corp.,* 970 F.Supp.2d 1280, 1287 (S.D. Fla. 2013) (quoting *Jones v. Carswell Prop. Maint., Inc.,* No. 09–22027–CIV, 2012 WL 163035, at *1 (S.D.Fla. Jan. 19, 2012) (citing *Allen,* 495 F.3d at 1316).[7]

Viewing the record in the light most favorable to Plaintiffs, Defendants are not entitled to summary judgment on this issue.

Sanchelima testified that employees are not compensated for unapproved overtime (Sanchelima Dep. 46:7-22), and Plaintiffs have provided evidence that Defendants' time records are untrustworthy by testifying that Sanchelima adjusted their hours before transmitting them to the payroll company. (Aff. Daniels ¶ 6; Tabares Dep. II at 65:19-25, 281:24-282:15 ("Lazaro Dep. II:); Aff. Tabares ¶ 6).

With respect to the amount and extent of the work, Plaintiffs testified that prior to commencing this action and retaining counsel they both calculated their damages which, although an

---

[7] Defendants cite two cases to support that summary judgment is proper at this stage, each of which is in a different posture than this matter. First, *Olson v. Star Lift Inc.*, 709 F. Supp. 2d 1351, 1354 (S.D. Fla. 2010) was a bench trial in which the court made explicit findings of fact that the plaintiffs had not worked in excess of forty hours in any workweek. Similarly, *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr.*, 725 F. Supp. 2d 1358, 1359 (S.D. Fla. 2010) was bench trial in which the defendant's time cards and payroll register were received into evidence and the plaintiffs stipulated to the authenticity of the same. The court made credibility determinations as to the plaintiff's allegations that she worked "off the clock," and ultimately rejected her testimony. *Id*. at 1360. As detailed in the Order, there are unresolved factual disputes that prelude summary ruling on this issue.

approximation, are represented in the Statement of Claim. (Caridad Daniels Dep. Sept. 30, 2015 at 69 (Daniels Dep. II.; (Tabares Dep. II at 122, 352, 367, 372). The Statement of Claim (D.E. 37) details Plaintiffs' damages on the three categories of tasks for which Plaintiffs seek uncompensated overtime; for both Tabares and Daniels it provides three separate time frames based on their hourly wage during that time frame; and within each of those time frames it lists the total hours for each of the three tasks and the total amount of uncompensated overtime. *Id.*[8] Additionally, Plaintiffs testified to performing the actual work for each of the three categories of uncompensated overtime in the Statement of Claim. (Daniels Dep. II at 69:20-77:15, 106:17-107:13, 110:1-112:20, 116:23-119:1; Tabares Dep. II at 84-85, 86:4-20, 99:22-100:18, 169:2-171:23, 319:13-320:1).

That Plaintiffs were unable to provide concrete detail, as Defendants argue, on certain days for each uncompensated task does not warrant summary judgment for Defendants. *Frew v. Tolt Technologies Service Group, LLC,* 2010 WL 557940, at *5 (M.D. Fla. Feb.11, 2010) (citing *Allen,* 495 F.3d at 1317) ("Any inconsistency or uncertainty in an employee's testimony about the number of unpaid hours of work should be tested by cross-examination and left for the jury to consider."); *Brown v. Gulf Coast Jewish Family Servs., Inc.*, No. 810-CV-1749-T-27AEP, 2011 WL 3957771, at *7 (M.D. Fla. Aug. 9, 2011) (same); *see also Diaz v. Jaguar Restaurant Group, LLC,* 649 F. Supp 2d 1343 (S.D.Fla.2009) (denying defendant employer's motion for summary judgment based upon plaintiff's failure to produce evidence indicating the number of overtime hours she allegedly worked); *Ebersole v. American Bancard, LLC.,* 2009 WL 2524618 (S.D.Fla.2009) (citing to *Allen* and denying employer defendant's motion for summary judgment based upon plaintiff's failure to independently substantiate hours worked in excess of forty hours per week).

---

[8] Plaintiffs in their opposition brief relied on the Statement of Claim, which was unsworn and unsigned and could not be considered as evidence. The Court, however, granted Plaintiffs the right to file their deposition excerpts. These excerpts reflect that Plaintiffs have adopted the information in the Statement of Claim. *See* Fed. R. Civ. P. 56(e); D.E. 105.

In light of the foregoing, Plaintiffs have offered testimony which, if believed, could permit a just and reasonable inference as to the amount of unpaid work. And thus a reasonable jury could find that Plaintiffs are owed uncompensated overtime.  Accordingly, it is

ORDERED AND ADJUDGED that Defendants' Motion (D.E. 77) is GRANTED IN PART AND DENIED IN PART.[9]

DONE AND ORDERED in Chambers, Miami, Florida, this _20th__ day of January, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

---

[9] Individual Defendant Sanchelima's liability as an officer is only derivative of the entity's liability, so Sanchelima is entitled to summary judgment on issues granted herein. *See Milbourn,* 588 F.Supp.2d at 1346 (liability of corporate officer derivative of liability of corporation; where corporation is not subject to suit, officer is entitled to summary judgment) (citing *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir.1986)).