UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21321-CIV-UU

CARIDAD DANIELS and LAZARO TABARES,

    Plaintiffs,
v.

SANCHELIMA AND ASSOCIATES, P.A. and
JESUS SANCHELIMA,

    Defendants.
_____/

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT, MOTION FOR IN CAMERA REVIEW OR IN THE ALTERNATIVE A HEARING, AND JOINT MOTION FOR DISMISSAL WITH PREJUDICE**

The Parties, the Plaintiffs, Caridad Daniels, and the Defendants, Sanchelima and Associates, P.A. and Jesus Sanchelima, hereby notify the Court of their settlement of this case subject to and conditioned on the relief sought herein. Specifically the parties respectfully request entry of an order providing as follows, which Order is attached hereto, and has been provided under separate cover to the Court along with the settlement agreement via e-mail for the Court to review *in camera*:

    1.    That the court review and approve of the settlement of the action as negotiated between the parties, as set forth in the parties' settlement agreement; and

    2.    That the Court will, upon receipt of a proposed order granting this motion, which is being provided under separate cover contemporaneously herewith along with the settlement agreement, providing notice from the parties that the conditions for dismissal have been met, dismiss the case with prejudice. The settlement agreement contains all terms of the parties' agreement.

APPROVAL OF SETTLEMENT AGREEMENT

    3.    The case includes claims for overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The claim involves numerous contested issues of fact and law concerning the Plaintiffs' claims, particularly with respect to whether the Plaintiffs can prove that they

performed compensable work before and after they punched their time cards, and whether any lunch time was interrupted, and if so, the amount of any such time. Defendants deny and dispute liability, damages entitlement and calculations, and maintain that their time cards which the Plaintiffs used day-to-day accurately reflect the hours that the Plaintiffs worked, and that the Plaintiffs were thus paid for all of their time. With regard to the FLSA claim, there are bona fide disputes as to whether Defendants failed to pay the Plaintiffs any overtime. Plaintiffs claim they worked off of the clock, but Defendants deny that occurred, but if it occurred, they deny knowing about it.

4. In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, confidential settlement. At all times relevant to this action, the Plaintiffs have been represented by Feiler & Leach, P.A., and have had the benefit of its counsel and advice.

5. A confidential settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982).

6. The settlement agreement is, however, conditioned on the Court's approval of the settlement and subsequent dismissal of this action with prejudice. Therefore, the parties request an *in camera* review of the settlement agreement, and have provided that under separate cover for the Court's review.

7. Counsel for the Plaintiffs state that Michael Feiler has spent well in excess of 100 hours litigating this matter. Therefore, with respect to its hourly billing, Michael Feiler has taken a reduction with respect to attorneys' fees in relation to the settlement. The attorneys' fees were negotiated separately without regard to the amounts paid to the two Plaintiffs. The amounts paid to the Plaintiffs take into account the risks inherent in litigating the case given the denials and defenses of the

Defendants, and were not compromised as a result of Plaintiffs' counsel's reduction of his attorneys' fees. Rather, Plaintiff's counsel agreed to reduce his fees to settle the case as a result of a realistic assessment of the chances of, in the first place, prevailing and, in the second place, the extent of any damages that may be awarded.

## DISMISSAL OF LITIGATION

Finally, the parties request that the Court dismiss the action, if it approves the settlement agreement. A proposed order to accomplish 1) approval of the settlement agreement; and 2) dismissal of the litigation, is submitted herewith and also under separate cover for the Court's convenience.

WHEREFORE, the parties hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice.

Respectfully submitted,

| | |
|---|---|
| Feiler & Leach, P.L. | Glasser & Kleppin, P.A. |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 901 Ponce De Leon Boulevard | 8751 W. Broward Blvd. |
| Suite 300 | Suite 105 |
| Coral Gables, Florida 33134 | Plantation, FL 33324 |
| Tel. (305) 441-1181 | Tel. (954) 424-1933 |
| Fax (305) 441-8081 | Fax (954) 474-7405 |
| | |
| By:__s/Michael Feiler_____ | By:__s/Chris Kleppin_____ |
|     Michael Feiler, B.C.S. |     Chris Kleppin |
|     Florida Bar No. 98477 |     Florida Bar No. 625485 |
| | |
| Dated:_March 3, 2016_____ | Dated: _March 3, 2016_____ |